Merrimack,
June 25, 1936.

EDNAH S. EMERSON *v.* MARION COBB.

JAMES EMERSON *v.* SAME.

*Robert W. Upton* and *Laurence I. Duncan* (*Mr. Duncan* orally), for the plaintiffs.

*Warren, Wilson, McLaughlin & Bingham* (*Mr. J. Walker Wiggin* orally), for the defendant.

BRANCH, J. Inasmuch as the defendant declined the relief offered by the presiding justice, she cannot and does not complain of the court's failure to order the testimony stricken from the record or to instruct the jury to disregard it. In accordance with the judgment of defendant's counsel, the court adopted the method which was believed to be best calculated to minimize the harmful effect of the plaintiff's statement, *i.e.* by ignoring it. The case must, therefore,

be considered as though all available methods for curing the alleged error had been adopted. Hence the denial of the defendant's motion for a mistrial presents only the question whether, as a matter of law, the prejudicial effect of the above mentioned testimony was so great that it could not be cured. Rules of law which are well settled in this jurisdiction require that this question be answered in the negative.

It is a cardinal principle of our practice that errors which occur in the course of a trial are not necessarily incurable and that the effect of evidence which comes improperly before a jury may be cured by an order that it be stricken from the record and an instruction to the jury to disregard it. "This rule is based on the belief that jurymen can with proper effort, ignore certain facts within their knowledge, and form their judgment by a consideration of other facts." *Mason* v. *Knox*, 66 N. H. 545, 546; *Doe* v. *Lucy*, 83 N. H. 160, 166. Such has been the practice in this state for more than a century. *Hamblett* v. *Hamblett*, 6 N. H. 333; *Deerfield* v. *Northwood*, 10 N. H. 269; *Judge of Probate* v. *Stone*, 44 N. H. 593; *Zollar* v. *Janvrin*, 47 N. H. 324; *Burnham* v. *Butler*, 58 N. H. 568; *Goodwin* v. *Scott*, 61 N. H. 112; *Mason* v. *Knox*, *supra*; *Lee* v. *Dow*, 73 N. H. 101; *Conn. River Power Co.* v. *Dickinson*, 75 N. H. 353, 356; *Burnham* v. *Stillings*, 76 N. H. 122, 129; *Vigneault* v. *Company*, 76 N. H. 196, 199; *Pope* v. *Railroad*, 79 N. H. 52; *Doe* v. *Lucy*, *supra*.

No reason is perceived for holding, as a matter of law, that any feeling of compassion for the plaintiffs which may have been aroused by the fact that they had two blind children could not have been kept within legitimate limits by appropriate instructions from the presiding judge. This is not a case like *Doe* v. *Lucy*, *supra*, in which a finding of fact was demonstrably based upon inadmissible testimony, or like *James Stewart & Co.* v. *Newby*, 266 Fed. 287, where the effect of prejudicial testimony is "allowed to remain during the whole course of a trial and by persistent, unrebuked references is allowed to influence the jurors' consideration of all the other evidence during the trial." We have here only a single statement of a fact of doubtfully relevant but obviously prejudicial character. To hold that this testimony created in the minds of the jury an ineluctable sympathy for the plaintiffs which would operate to the prejudice of the defendant, despite instructions to disregard it and despite presumed efforts of the jurors to comply with such instructions, would be an unwarranted reflection upon the intelligence and integrity of jurymen. "The presumption should not be indulged that the jury

were too ignorant to comprehend, or were too unmindful of their duty to respect, instructions as to matters peculiarly within the province of the court to determine." *Pennsylvania Co.* v. *Roy*, 102 U. S. 451.

It is difficult to understand upon what theory it could be held that the temptation to find against this defendant because the plaintiffs have two blind children would be greater than the temptation to give a verdict against a defendant because he carries liability insurance and hence will not have to pay it. It has always been assumed in this jurisdiction, however, that the effect of such evidence may be obviated by proper proceedings in the trial court. *Demars* v. *Company*, 67 N. H. 404, 407; *Shea* v. *Hillsborough Mills*, 78 N. H. 57, 59. The great weight of authority elsewhere is in accord with this view. Note, "Informing Jury of Liability Insurance", 56 A. L. R. 1418, 1509, 1510.

It is equally well settled that "it was a question of fact for the determination of the trial court whether justice required that the trial should be stopped." *Herschensohn* v. *Weisman*, 80 N. H. 557, 559; *Burnham* v. *Stillings*, 76 N. H. 122, 129; *Morrill* v. *Warner*, 66 N. H. 572; *Wentworth* v. *Jefferson*, 60 N. H. 158. "In his knowledge of the trial, the presiding justice has better means of deciding the question of fact than others can have who were not at the trial." *Burnham* v. *Butler*, 58 N. H. 568. In the present case the court twice denied the defendant's motion for a mistrial. This was equivalent to a finding that both the plaintiff Ednah and her counsel acted in good faith and that the testimony in question did not deprive the defendant of an opportunity for a fair trial. *Lee* v. *Dow*, 73 N. H. 101; *Lavigne* v. *Lavigne*, 80 N. H. 559, 561. There appears to be no reason for disturbing this finding.

*Judgments on the verdicts.*

PAGE, J. did not sit: the others concurred.